## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CARLOS NEWELL, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:16-CR-0360-ODE-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:18-CV-4499-ODE-JFK |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number.[1] The matter is before the Court on the motion to vacate, as amended [55, 63], and

---

[1] On October 2, 2018, the Court recharacterized Movant's 28 U.S.C. § 2254 filing as a § 2255 motion and, after advising Movant of the recharacterization, allowed him thirty days in which to withdraw his filing or amend it to add any additional claims. (Order of Oct. 2, 2018, ECF No. 54). In February 2019, Movant filed an amendment to his motion to vacate and did not indicate therein any desire to withdraw his construed § 2255 motion. (Am. to Mot. to Vacate, ECF No. 63).

Respondent's response [64].² For the reasons discussed below, Movant's motion to vacate and a certificate of appealability (COA) are due to be denied.

I. **Background**

The grand jury for the Northern District of Georgia indicted Movant for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) (including interstate commerce element) and 924(e). (Indictment, ECF No. 1). Represented by Paul M. Cognac, Movant pleaded guilty. (Guilty Plea and Plea Agreement, ECF No. 39-1; Tr. of Plea Hr'g, ECF No. 62). On October 4, 2017, the Court imposed sentence, and judgment was entered on October 5, 2017. (J., ECF No. 43).

In his initial motion to vacate, Movant raises the following grounds for collateral relief: (1) the federal government violated Movant's Second Amendment rights, (2) the federal government violated Movant's Fifth Amendment rights by usurping Georgia's authority to adjudicate his crime, (3) the federal government misapplied and

---

²As of May 20, 2019, the record does not show that Movant has replied. The record shows that Petitioner was released from Calhoun State Prison on December 3, 2018; that by at least February 23, 2019, Movant was housed at McCreary Penitentiary in Pine Knot, Kentucky, the address at which Respondent served Movant with a copy of its March 2019 response; and that a copy of the Court's Order informing Movant on the time for a reply was resent to Movant at McCreary on April 25, 2019. (See Mail Returned, ECF Nos. 66; Am. to Mot. to Vacate at unnumbered page 3; Resp't Resp., ECF No. 64; and 4/25/2019 docket entry).

violated the Interstate Commerce Clause, and (4) the District Court lacked subject matter jurisdiction to adjudicate a claim that properly should be before a Georgia court. (Mot. to Vacate, ECF No. 55). In his amendment to his motion to vacate, filed on February 23, 2019,[3] Movant raises the following additional grounds: (A) ineffective assistance of counsel for failing to ask the court at sentencing to have his sentence run concurrently with a not yet imposed state sentence, (B) ineffective assistance of counsel for failing to explain to Movant that the government would have to prove at trial the interstate commerce element of his crime, (C) the federal government violated Movant's Fifth Amendment rights by usurping Georgia's authority to adjudicate his crime, and (D) the federal government misapplied and violated the Interstate Commerce Clause. (Am. to Mot. to Vacate).

---

[3]Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012)). There is no controversy in regard to the timeliness of Movant's initial motion to vacate. The timeliness of Movant's amendment to his motion to vacate is discussed further below.

3

**II.    28 U.S.C. § 2255 Standard**

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. The § 2255 movant bears the burden to establish his right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015), which is limited.

Collateral review of a claim that could have been raised on direct appeal, but was not, is foreclosed unless the movant can show cause and prejudice for his default or actual innocence. Fordham v. United States, 706 F.3d 1345, 1349 (11th Cir. 2013).[4]

---

[4] "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . . " or that the matter was not raised because of ineffective assistance of counsel. Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004); see also Reece v. United States, 119 F.3d 1462, 1468 (11th Cir. 1997) (holding that, absent an "objective factor external to the defense" as cause, the movant must show that the default was caused by ineffective assistance of counsel (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (internal quotation marks omitted)). If a petitioner shows cause, he also must show prejudice – that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece, 119 F.3d at 1467 (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (internal quotation marks omitted). To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence." McKay v. United States,

4

"Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," and "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." Frady, 456 U.S. at 164, 166.

Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted). A constitutional claim of ineffective assistance of counsel, which generally cannot be fully litigated on direct appeal, is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts. Massaro v. United States, 538 U.S. 500, 505-09 (2003).

"The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (quoting § 2255(b)). That is the case here, as shown in the discussion below.

---

657 F.3d 1190, 1196 (11th Cir. 2011) (alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

5

### III. Discussion

#### A. Initial Motion to Vacate

In pleading guilty, Movant voluntarily and expressly waived the right to appeal or collaterally attack his conviction or sentence, with exceptions for a direct appeal of an upward departure from his sentencing guidelines range, for a collateral attack on ineffective assistance of counsel, or for filing a cross appeal if the government appealed. (Guilty Plea and Plea Agreement ¶ 28). In signing the plea agreement, Movant stated that he had read the agreement, had carefully reviewed each part thereof with his attorney, understood and voluntarily agreed to the terms thereof, and understood the appeal and collateral review waiver. (Id. at 13-14).

At his plea hearing, the court, among other things, questioned Movant whether he understood that he was giving up his right to appeal his sentence unless the Court gave him a sentence above the guidelines range or the government appealed, and Movant stated that he understood. (Tr. for Guilty Plea Hr'g at 8). Movant affirmed that he had signed the agreement, that he had received adequate opportunity to discuss his case with his counsel, that he was satisfied with counsel's services, and that he was pleading guilty freely and voluntarily. (Id. at 9, 12-14). The Court accepted Movant's guilty plea. (Id. at 14).

6

Movant now asserts the following grounds for collateral relief: (1) the federal government violated his Second Amendment rights; (2) the federal government violated his Fifth Amendment rights by usurping Georgia's authority to adjudicate his crime; (3) the federal government misapplied and violated the Interstate Commerce Clause – the dormant commerce clause would not be violated by a state arrest of Movant, and "[Movant's] crime [did not] violate [the] commercial activity exception"; and (4) the District Court lacked subject matter jurisdiction to adjudicate a claim that properly should be before a Georgia court. (Mot. to Vacate at 5-6 and 6 cont.).

Respondent argues that these grounds fail because, among other things, Movant waived the right to collaterally attack his conviction and procedurally defaulted these grounds because he did not raise them on appeal. (Resp't Resp. at 4-10).

A provision that waives the right to review is valid and enforceable if the district court has "specifically questioned the defendant about the provision during the plea colloquy, or . . . it is manifestly clear from the record that the defendant fully understood the significance of the waiver." United States v. Hardman, 778 F.3d 896, 899 (11th Cir. 2014) (quoting United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001)) (internal quotation marks omitted).

7

In the plea agreement, Movant set forth that he had carefully reviewed with counsel every segment of the plea agreement, including the appeal and collateral review waiver, and that he voluntarily agreed to the terms thereof. At the plea hearing, the Court questioned Movant regarding the waiver of direct review and ascertained that he understood the waiver. Although the Court did not specifically refer to the waiver of the right to challenge his conviction and sentence collaterally, the Court emphasized the limited matters Movant could appeal, the record otherwise shows that Movant understood the appeal waiver, and Movant at the plea hearing confirmed that he had signed the plea agreement and adequately discussed his case with his counsel. See United States v. Jackson, 398 F. App'x 451, 452 (11th Cir. 2010) (concluding that the movant understood the waiver although the district court's explanation of the waiver did not specifically explain its application to collateral attacks); Brown v. United States, 256 F. App'x 258, 262 (11th Cir. 2007) ("Although the judge did not specifically note that Brown was waiving the right to challenge her sentence collaterally, this waiver was stated plainly in her plea agreement, to which Brown agreed after acknowledging that she had read and understood it. Therefore, her sentence appeal waiver was made knowingly and voluntarily, and is valid."). The

8

undersigned finds that Movant's waiver of his right to collateral review is valid and enforceable.[5]  Accordingly, Movant's initial grounds one through four fail.

### B.     Movant's Amendment to his Motion to Vacate

Movant filed his amendment to his motion to vacate on February 23, 2019. (Am. to Mot. to Vacate).  Movant asserts (A) ineffective assistance of counsel for failing to ask the court at sentencing to have his sentence run concurrently with a not yet imposed state sentence and (B) ineffective assistance of counsel for failing to explain to Movant that the government would have to prove at trial the interstate commerce element of his crime.  (Id. ¶¶ A, B).  In amended ground C, Movant repeats, essentially verbatim, his original ground two.  (Id. ¶ C).  In amended ground D, Movant repeats his original ground three and adds that the government would have had the burden of proving that he purchased the firearm from an owner in another state and

---

[5]Additionally, the Court notes that review of the claims discussed in this section is otherwise barred based on procedural default, that Movant's valid appeal waiver does not provide cause for his procedural default, and Movant does not otherwise overcome his default.  See Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001) ("[A] waiver of appeal provision in a plea agreement [does] not constitute 'cause' for failing to take a direct appeal." (no citation provided)); Giddens v. United States, 7:10-CR-28-001 HL, 2012 WL 6628411, at *2 (M.D. Ga. Nov. 28, 2012) ("Petitioner's waiver of the right to assert these claims on direct appeal pursuant to the appeal waiver provision of the plea agreement is not cause for excusing Petitioner's procedural default."), report and recommendation adopted, 7:10-CR-28 HL, 2012 WL 6617278 (M.D. Ga. Dec. 19, 2012).

trafficked the firearm back to Georgia. (Id. ¶ D). Respondent argues, among other things, that these grounds are untimely. (Resp't Resp. at 12-13).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to § 2255 motions and runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Equitable tolling of the federal limitations period sometimes may be warranted, but "only if the [movant] establishes (1) extraordinary circumstances, and (2) due diligence. . . . [E]quitable tolling is an extraordinary remedy which is sparingly applied, and [the movant bears] the burden of proving equitable tolling." Williams v. United States, 491 F.3d 1282, 1284 (11th Cir. 2007). Actual innocence also provides a limited exception to AEDPA's time limitations. McKay, 657 F.3d at 1196 (citing Schlup, 513 U.S. at 327). "To show actual innocence of the crime of

10

conviction, a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of the new evidence of innocence." Id.

Under § 2255(f)(1), Movant's conviction became final on October 19, 2017, when his time to file a direct appeal expired, fourteen days after the October 5, 2017, entry of judgment. See Fed. R. App. P. 4(b)(1)(A). There is no indication that § 2255(f)(2)-(4), equitable tolling, or an actual innocence exception applies. Thus, Movant's § 2255 motion to vacate was due by October 19, 2018, and his February 23, 2019, amended grounds for relief are approximately four months late.

Movant's untimely claims are barred unless they relate back to an original timely claim, and, to relate back, "the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000) (quoting United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000)).

Movant's amended ground C, which essentially repeats Movant's original ground two, and Movant's amended ground D, in part, which essentially repeats Movant's original ground three, relate back but fail for the same reasons as the original grounds fail. See supra III. A.

11

Otherwise, Movant's new claims involve different facts and conduct than are involved in Movant's initial, timely, claims. The new claim in amended ground D – in regard to the government's burden of proof at trial on the interstate nexus – involves different facts and circumstances (what the government would have to proof at trial in regard to Movant's purchase and movement of the firearm) than involved in Movant's initial claim in ground three, which attempts to challenge the propriety of the federal government bringing a firearm charge in light of the dormant commerce clause and exceptions thereto.[6] Further, the claim in amended ground D, even if timely, would be procedurally barred for the same reasons as Movant's initial claims are procedurally barred.

New ground A – on counsel's actions in regard to Movant's sentence being concurrent or consecutive with a future state sentence – involves different facts than

---

[6]Movant's argument on the dormant commerce clause as related to the federal criminal code, specifically § 922(g), is not clear. The Court observes for informational purposes (1) that the dormant commerce clause generally prohibits states from legislating to discriminate against interstate or international commerce and (2) that the market-participant exception allows states to discriminate and prefer the businesses of its own citizens when the state is acting as a market participant, participating in commercial activity as opposed to regulating commercial activity. Dep't of Revenue of Ky. v. Davis, 553 U.S. 328, 338 (2008) (discussing governmental commercial activity and governmental regulatory efforts). The Court also observes that § 922(g) is a constitutional exercise of the Commerce Clause. United States v. Dupree, 258 F.3d 1258, 1260 (11th Cir. 2001).

involved in Movant's initial grounds. New ground B – on counsel's advice to Movant on the government's burden at trial to show an interstate nexus[7] – involves different facts and circumstances than any initial ground, including ground three. Additionally, both new grounds A and B involve the facts of counsel's decisions, advice, and conduct, which are not involved in the initial grounds. Cf. Copper v. United States, 1:02-cr-0377-JEC-GGB-3, 1:11-cv-3968-JEC, 2014 WL 1681566, at *5 (N.D. Ga. Apr. 25, 2014) ("[A] petitioner does not satisfy the Rule 15 relation back standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." (quoting United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005)) (internal quotation marks omitted)); Johnson v. Sec'y, Fla. Dep't of Corrs., No. 1:11-cv-269-MP-GRL, 2013 WL 2251556, at *2-3 (N.D. Fla. May 21, 2013) ("Trial counsel's conduct during the trial and appellate counsel's

---

[7] Notably, Movant, under oath, agreed that the government's evidence at trial would show that Bureau of Alcohol, Tobacco, and Firearms (ATF) "examined [Movant's] gun and confirmed that it was shipped or transported in interstate commerce." (Tr. for Guilty Plea Hr'g at 10). Movant nowhere indicates that his guilty plea is invalid based on deficient assistance by counsel or that, but for deficient assistance by counsel, he would have rejected the guilty plea and proceeded to trial without the benefits of the plea agreement.

13

conduct on appeal are distinct in both time and type."). Movant's amended grounds fail to the extent they relate back and otherwise are untimely.

## IV. Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, the prisoner in order to obtain a COA, still must show both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

14

Lambrix v. Sec'y, DOC, 872 F.3d 1170, 1179 (11th Cir.) (quoting Slack, 529 U.S. at 484), cert. denied, _ U.S. _, 138 S. Ct. 312 (2017).

It is recommended that a COA is unwarranted because the resolution of Movant's grounds for relief is not reasonably debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion to vacate, set aside, or correct his federal sentence, as amended [55, 63], be **DENIED** and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 22nd day of May, 2019.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

15